UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOHN SHULICK,

                    Plaintiff,                                    Hon. Paul L. Maloney

v.                                                                Case No. 1:08 CV 121

MICHIGAN DEPARTMENT
OF CORRECTIONS, et al.,

                    Defendants.
_____/


## <u>REPORT AND RECOMMENDATION</u>

        This matter is before the Court on <u>Defendant Correctional Medical Services, Nelson and LaNore's Motion to Dismiss</u>, (dkt. #58), and <u>Defendant MDOC, Ackerman, Griffin, Wegner, Robinson, Barber, Thompson, Aquino, Berghuis, Caruso, and Stewart's Motion for Summary Judgment</u>, (dkt. #60). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motions be **granted** and Plaintiff's action **dismissed**.


## <u>BACKGROUND</u>

        The following allegations are contained in Plaintiff's amended complaint.  (Dkt. #56). On August 16, 2007, at approximately 8:30 a.m., Plaintiff asked his unit officer to contact "health care" because he was experiencing "excruciating pain."  *Id.* at ¶ 32.  Defendant Griffin denied Plaintiff's request and instead instructed him to "fill-out a Health Care Kite."  *Id.*  Plaintiff disregarded this instruction and "immediately dragged himself to Health Care."  *Id.* at ¶ 33.  Plaintiff was instructed (more than once) to return to his unit.  *Id.* at ¶¶ 33-34.  Plaintiff refused this instruction and instead

stated that he "was not leaving until he received medical treatment." *Id.* A group of unidentified prison guards then "restrained" Plaintiff and "escorted" him to a holding cell "within the Health Care Treatment area." *Id.* at ¶ 35.

Plaintiff's "intermittent cries for medical assistance went unanswered by all 'day shift' personnel, and he was left to suffer in unmitigated pain until after the evening meal." *Id.* at ¶ 41. An "unknown nurse" later "called Plaintiff's name as he lay suffering on a bare mattress wrapped only in a blanket wearing briefs and socks." *Id.* at ¶ 42. When Plaintiff "saw that a different person was on duty he actually broke down and cried for her to help him." *Id.* at ¶ 43. The nurse refused, however, "stating that she was informed that Plaintiff's injury was nothing more than an old bruise." *Id.* Because he was suffering "severe physical, psychological and emotional stress," Plaintiff "began to uncontrollably scream for help and pounded on the cell door with his fists." *Id.* at ¶ 44. The "second shift Captain was finally summoned" and Plaintiff was transported to the emergency room where he was diagnosed with a "soft tissue injury to his left upper leg." *Id.* at ¶¶ 45-46. An MRI examination conducted "months later" revealed that "an extremely large blood clot had formed in the Plaintiff's leg as a result of the injury." *Id.* at ¶¶ 47-48.

Plaintiff initiated this action on February 5, 2008, against more than two dozen individuals and numerous "unknown parties." (Dkt. #1). Plaintiff amended his complaint on April 10, 2008, in the process dismissing his claims against several defendants. (Dkt. #6). Plaintiff again amended his complaint on January 26, 2009. (Dkt. #56). Plaintiff alleges that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff alleges that Defendants conspired to violate his Eighth Amendment rights. Plaintiff also alleges that certain Defendants are liable for failing to properly train their subordinates. Plaintiff seeks monetary and injunctive relief

against Defendants in their personal and official capacity. The remaining Defendants now move for summary judgment or dismissal of Plaintiff's claims.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed for failure to state a claim upon which relief may be granted where, even accepting as true Plaintiff's allegations and construing the complaint liberally in his favor, it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 257 (1986)).

Once the moving party has met its burden of production, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue

for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the nonmoving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

I.  **Defendant MDOC, Ackerman, Griffin, Wegner, Robinson, Barber, Thompson, Aquino, Berghuis, Caruso, and Stewart's Motion for Summary Judgment**

A.  Eighth Amendment Claim

As noted above, Plaintiff has not asserted that he was *denied* medical treatment, but instead alleges that he suffered a *delay* in receiving treatment. Defendants assert that they are entitled to summary judgment because the delay Plaintiff experienced did not violate his Eighth Amendment rights. The Court agrees.

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle*, 429 U.S. at 101-02. Accordingly, the Eighth Amendment protects against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06.

The analysis by which the official's conduct is evaluated consists of two-steps. First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious. In this respect, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. If the objective test is met, the Court must then determine whether the official possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

In other words, Plaintiff must establish that the official "actually knew" that he "faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it." *Howard v. Calhoun County*, 148 F.Supp.2d 883, 888-89 (W.D. Mich. 2001) (citing *Farmer*, 511 U.S. at 847). To establish that the official acted with the requisite culpability, Plaintiff must establish either that the official possessed actual knowledge that he experienced a serious medical need or demonstrate that the circumstances clearly indicated that he was experiencing a serious medical need. *See Blackmore v. Kalamazoo County*, 390 F.3d 890, 895-96 (6th Cir. 2004) (citation omitted). A serious medical need is one "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* at 897 (citation omitted).

However, the Eighth Amendment is not a vehicle by which to constitutionalize state tort law. To the extent, therefore, that Plaintiff merely disagrees with the official's treatment decisions or claims that such constitute malpractice, Plaintiff fails to state a claim of constitutional magnitude. *See Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)) ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Brown v. Kashyap*, 2000 WL 1679462 at *1 (6th Cir., Nov. 1, 2000) (citing *Estelle*, 429 U.S. at 106) ("allegations of medical malpractice or negligent diagnosis and treatment" do not implicate the Eighth Amendment); *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995) (if prison officials responded reasonably to a substantial risk to an inmate's health or safety, they may avoid liability − even if the harm ultimately was not averted).

Moreover, where a prisoner claims that medical treatment was merely delayed (rather than denied), the court may need to evaluate the effect of the alleged delay in treatment. *See Napier v.*

*Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001).  In *Napier*, the court held that "[a]n inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." *Id.* (citation omitted).

The Sixth Circuit subsequently clarified its *Napier* holding in *Blackmore v. Kalamazoo County*, 390 F.3d 890 (6th Cir. 2004).  In *Blackmore*, the court held that the "verifying medical evidence" requirement articulated in *Napier* "does not apply to medical care claims where facts show an obvious need for medical care that laymen would readily discern as requiring prompt medical attention by competent health care providers." *Blackmore*, 390 F.3d at 898.  On the other hand, the "verifying medical evidence" requirement does apply "to those claims involving minor maladies or non-obvious complaints of a serious need for medical care."  Accordingly, if the plaintiff alleges that he experienced a delay in receiving medical treatment for a "minor or non-obvious" condition, "medical proof is necessary to assess whether the delay caused a serious medical injury." *Id.*

Medical evidence reveals that when Plaintiff was examined on August 16, 2007, he reported that "while running to first base four days ago he developed an acute pain in his [left] posterior thigh area."  (Dkt. #48, Appendix F at 17 of 39).  Plaintiff reported that it was "difficult for him to walk," but otherwise had "no other complaints." *Id.*  An examination of Plaintiff's left leg revealed soreness and bruising, but no evidence of numbness, discoloration, or sensory impairment.  (Dkt. #48, Appendix F at 16 of 39).  X-rays of Plaintiff's left leg were unremarkable.  (Dkt. #48, Appendix F at 18 of 39).  Plaintiff was given medication and an ACE bandage.  (Dkt. #48, Appendix F at 16 of 39).  X-rays of Plaintiff's pelvis and left leg, taken on August 22, 2007, were "negative."  (Dkt. #48, Appendix F at 20-21 of 39).

Defendant Griffin has submitted an affidavit in which he asserts that at approximately 8:30 a.m. on August 16, 2007, Plaintiff informed him that "his leg was sore from playing softball 5 days earlier." (Dkt. #34, Exhibit B). Griffin instructed Plaintiff "to submit a health care request form and he would be scheduled for an evaluation, as a 5-day old injury is not considered to be of an emergent nature." According to Griffin, Plaintiff then proceeded to Health Services demanding treatment. Because of his unruly behavior, Plaintiff was placed in a segregation cell "in the Health Services area." Griffin later proceeded to the segregation cell in an attempt to examine Plaintiff, but he was unable to do so due to Plaintiff's "disruptive and uncooperative behavior." Griffin was able to observe, however, a bruise on Plaintiff's left thigh. *Id.* Plaintiff has submitted no evidence to refute these assertions.

There is no evidence that on August 16, 2007, Plaintiff was experiencing "an obvious need for medical care that laymen would readily discern as requiring prompt medical attention by competent health care providers." Instead, the evidence indicates that Plaintiff was experiencing a "minor" or "non-obvious" impairment, in which case Plaintiff's claim fails unless he submits "medical proof" that the brief delay in treatment he experienced "caused a serious medical injury." Plaintiff has failed to submit any such evidence. Accordingly, the Court recommends that Defendants are entitled to summary judgment as to Plaintiff's Eighth Amendment claims.

B.     Conspiracy Claims

Plaintiff alleges that Defendants conspired to violate his Eighth Amendment rights. Under federal law, it is improper for "two or more persons" to conspire "for the purpose of depriving, either directly or indirectly," an individual of his civil rights. 42 U.S.C. § 1985. Plaintiff's claim fails, however, because as discussed in the preceding section, Plaintiff cannot establish that the alleged

conspiracy deprived him of a right or privilege protected by the laws or Constitution of the United States. *See Sawyer v. Lexington-Fayette Urban County Government*, 2001 WL 1006237 at *2 (6th Cir., Aug. 21, 2001) (citing *Collyer v. Darling*, 98 F.3d 211, 233 (6th Cir. 1996)).  The Court, therefore, recommends that Defendants are entitled to summary judgment as to Plaintiff's conspiracy claims.

        C.        Failure to Train Claim

Plaintiff also asserts liability against Patricia Caruso, Director of the Michigan Department of Corrections, for her alleged "failure to train subordinates."  Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from suit.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court recommends that this claim be dismissed for failure to state a claim upon which relief may be granted.

As the Sixth Circuit recently observed, "[a] supervisor is not liable under § 1983 for failing to train unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it."  *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).  Plaintiff "must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."  *Id.*  While Plaintiff's complaint contains vague blanket generalizations that Defendant Caruso failed to train her various subordinates, Plaintiff has failed to allege that Caruso encouraged, authorized, approved, participated in, or knowingly acquiesced in the *specific incident of misconduct* at issue in this action.  The Court recommends, therefore, that Plaintiff's failure to train claim be dismissed.

**II.**          **Defendants Correctional Medical Services (CMS), Nelson, and LaNore**  (Dkt. #58)

Defendants move for the dismissal of Plaintiff's claims, under Federal Rule of Civil Procedure 12(b)(6), on the ground that such claims fail to state a claim on which relief may be granted. Defendants have attached to their motion copies of various prison grievances that Plaintiff pursued, as well as copies of various MDOC Policy Directives.  In response to Defendants' motion to dismiss, Plaintiff has submitted various sworn statements and made reference to other evidentiary submissions. The Court has not considered these various extra-pleading submissions in resolving Defendants' motion to dismiss.  *See* Fed. R. Civ. P. 12(d); Wright & Miller Federal Practice and Procedure: Civil 3d § 1371 (recognizing that "it is well settled that it is within the district court's discretion whether to accept extra-pleading matter" on a motion to dismiss for failure to state a claim and treat it as one for summary judgment or to reject it and maintain the character of the motion as one under Rule 12(b)(6)); *Max Arnold & Sons, LLC v. W.L. Hailey & Co., Inc.*, 452 F.3d 494, 503 (6th Cir. 2006).

In choosing to reject such material and consider Defendants' motion as a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court notes that Plaintiff has twice amended his complaint.  This is not a circumstance, therefore, in which Defendants are attempting to "blind side" Plaintiff with a hastily filed motion to dismiss at the outset of the action before Plaintiff has been afforded an opportunity to amend his complaint or otherwise pursue his claims.  Plaintiff has amended his complaint twice already and Defendants are entitled to have the sufficiency of the allegations in Plaintiff's amended complaint tested under the standard articulated in Rule 12(b)(6).

Liability in a § 1983 action must be based upon "active unconstitutional behavior." *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).  In his amended complaint, Plaintiff has asserted absolutely no factual allegations against Defendants CMS, Nelson, or LaNore.  Instead, Plaintiff simply

advances legal conclusions unsupported by any factual assertions or allegations.  While Plaintiff asserts that Defendants Nelson and LaNore had "access to" the holding cell in which he was placed to await treatment, Plaintiff does not allege that Nelson or LaNore examined him, were requested to examine him, or should have known to examine him.  The mere allegation that a person had "access to" a cell in which a prisoner was confined is hardly sufficient to state a claim for violation of the Eighth Amendment.  As for Defendant CMS, Plaintiff offers no factual allegations, but instead simply concludes that CMS is guilty of "failure to train."  Such unsupported conclusions are insufficient.  The Court recommends, therefore, that Plaintiff's claims against Defendants CMS, Nelson, and LaNore be dismissed for failure to state a claim upon which relief may be granted.

## <u>CONCLUSION</u>

For the reasons articulated herein, the undersigned recommends that <u>Defendant</u> <u>Correctional Medical Services, Nelson and LaNore's Motion to Dismiss</u>, (dkt. #58), be **granted**; <u>Defendant MDOC, Ackerman, Griffin, Wegner, Robinson, Barber, Thompson, Aquino, Berghuis,</u> <u>Caruso, and Stewart's Motion for Summary Judgment</u>, (dkt. #60), be **granted**; and Plaintiff's action **dismissed**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Date:  June 25, 2009                                    /s/ Ellen S. Carmody
                                                        ELLEN S. CARMODY
                                                        United States Magistrate Judge