UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOHN SHULICK,

       Plaintiff,                               Hon. Paul L. Maloney

v.                                                Case No. 1:08 CV 121

MICHIGAN DEPARTMENT
OF CORRECTIONS, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Willis' and Crawford's Motion for Summary Judgment. (Dkt. #92). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted**.


## BACKGROUND

The following allegations are contained in Plaintiff's amended complaint. (Dkt. #56). On August 16, 2007, at approximately 8:30 a.m., Plaintiff asked his unit officer to contact "health care" because he was experiencing "excruciating pain." *Id.* at ¶ 32. Defendant Griffin denied Plaintiff's request and instead instructed him to "fill-out a Health Care Kite." *Id.* Plaintiff disregarded this instruction and "immediately dragged himself to Health Care." *Id.* at ¶ 33. Plaintiff was instructed (more than once) to return to his unit. *Id.* at ¶¶ 33-34. Plaintiff refused this instruction and instead stated that he "was not leaving until he received medical treatment." *Id.* A group of unidentified prison

guards then "restrained" Plaintiff and "escorted" him to a holding cell "within the Health Care Treatment area." *Id.* at ¶ 35.

Plaintiff's "intermittent cries for medical assistance went unanswered by all 'day shift' personnel, and he was left to suffer in unmitigated pain until after the evening meal." *Id.* at ¶ 41. An "unknown nurse" later "called Plaintiff's name as he lay suffering on a bare mattress wrapped only in a blanket wearing briefs and socks." *Id.* at ¶ 42. When Plaintiff "saw that a different person was on duty he actually broke down and cried for her to help him." *Id.* at ¶ 43. The nurse refused, however, "stating that she was informed that Plaintiff's injury was nothing more than an old bruise." *Id.* Because he was suffering "severe physical, psychological and emotional stress," Plaintiff "began to uncontrollably scream for help and pounded on the cell door with his fists." *Id.* at ¶ 44. The "second shift Captain was finally summoned" and Plaintiff was transported to the emergency room where he was diagnosed with a "soft tissue injury to his left upper leg." *Id.* at ¶¶ 45-46. An MRI examination conducted "months later" revealed that "an extremely large blood clot had formed in the Plaintiff's leg as a result of the injury." *Id.* at ¶¶ 47-48.

Plaintiff initiated this action on February 5, 2008, against more than two dozen individuals and numerous "unknown parties." (Dkt. #1). Plaintiff amended his complaint on April 10, 2008, in the process dismissing his claims against several defendants. (Dkt. #6). Plaintiff again amended his complaint on January 26, 2009. (Dkt. #56). Plaintiff alleges that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff alleges that Defendants conspired to violate his Eighth Amendment rights. Plaintiff alleges that certain Defendants are liable for failing to properly train their subordinates. Plaintiff alleges that Defendant Willis violated his right of access to the courts. Finally, Plaintiff alleges that Defendant Crawford subjected him to unlawful

retaliation. All Defendants, save Defendants Willis and Crawford, previously moved for summary judgment. (Dkt. #58, 60). The undersigned has recommended that these motions be granted. (Dkt. #103). Defendants Willis and Crawford now move for summary judgment.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 257 (1986)).

Once the moving party has met its burden of production, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the nonmoving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere

"scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

A moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W.

SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

**I.     Exhaustion**

Defendants first assert that they are entitled to relief because Plaintiff failed to properly exhaust his administrative remedies.

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Id.* With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail

> necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

Defendant Willis asserts that she is entitled to relief because Plaintiff did not complete the prison grievance process until after initiating the present action. Defendant is correct that a prisoner "may not exhaust administrative remedies during the pendency of the federal suit." *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). However, the Court is not persuaded that this authority precludes Plaintiff's claim against Defendant Willis. As discussed below, Plaintiff's claim against Defendant Willis arises out of an incident that occurred more than two months *after* the initiation of the present action. Plaintiff's amended complaint, in which he first asserts his claim against Defendant Willis, was accepted for filing on January 26, 2009, by which time Plaintiff had properly exhausted his claim against Defendant Willis. (Dkt. #93, Exhibit C).

Defendant Crawford asserts that he is entitled to relief because Plaintiff failed altogether to pursue this matter through the prison grievance system. In response, Plaintiff has submitted evidence that during the relevant time period he was on modified grievance access status and that his request for a grievance form to pursue this matter was denied. (Dkt. #105). The Court finds, therefore, that Defendants Willis and Crawford have failed to carry their burden as to this affirmative defense.

**II.       Right of Access to the Courts - Defendant Willis**

In his amended complaint, Plaintiff alleges that Defendant Willis violated his right of access to the courts. (Dkt. #56 at ¶ 54). This assertion arises out of an incident that occurred on April 8, 2008. According to Plaintiff, he submitted to Defendant Willis legal material for mailing. (Dkt.

#105). Instead of simply "skimming" the material to determine whether it constituted legal mail, Defendant Willis "scrutiniz[ed]" the material and questioned whether Plaintiff was permitted to possess certain documents Plaintiff sought to mail. After being informed, however, that Plaintiff was permitted to possess the material in question, Defendant Willis processed the matter for mailing. *Id.*

The First Amendment protects every inmate's right of access to the courts, however, this protection extends only to "direct appeals, habeas corpus applications, and civil rights claims." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (citing *Lewis v. Casey*, 518 U.S. 343, 355 (1996)). To prevail on a claim for denial of access to the courts, Plaintiff must establish that he suffered "an actual litigation related injury or legal prejudice" because of Defendant's actions. *Erdman v. Martin*, 52 Fed. Appx. 801, 803 (6th Cir., Dec. 12, 2002) (citing *Casey*, 518 U.S. at 349-51); *see also*, *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (to state a claim for denial of access to the courts, a prisoner must allege that he suffered an "actual injury," such as "the late filing of a court document or the dismissal of an otherwise meritorious claim").

In support of her motion for summary judgment, Defendant Willis has submitted an affidavit in which she acknowledges an encounter with Plaintiff on April 8, 2008. (Dkt. #93, Exhibit D). According to Defendant, because Plaintiff was requesting that his legal mail be processed on an expedited basis it first "needed to be checked." Defendant Willis asserts that while "skimming through" Plaintiff's mail, she observed "several documents that [she] was not sure [Plaintiff] was allowed to possess." Defendant further asserts that after being informed that Plaintiff was permitted to possess the items in question, she processed Plaintiff's material for mailing. *Id.* Plaintiff has neither alleged nor presented evidence that he suffered any litigation related injury or legal prejudice as a result of

Defendant Willis' alleged conduct. Accordingly, the Court recommends that Defendant Willis be granted summary judgment as to this claim.

**III.        Retaliation - Defendant Crawford**

Plaintiff alleges that Defendant Crawford unlawfully retaliated against him in response to engaging in protected conduct. (Dkt. #56 at ¶ 55). Plaintiff asserts that on or about July 1, 2008, Defendant Crawford "began to severely harass" him. Specifically, Defendant Crawford told Plaintiff, "I can not stand the very sight of you" and "you think you're so smart, suing everybody." *Id.* Subsequent to this encounter, Defendant Crawford charged Plaintiff with two major misconduct violations (for insolence) and one minor misconduct violation (for possession of contraband). (Dkt. #19, Exhibit B; Dkt. #105). Plaintiff was found guilty of both insolence charges. (Dkt. #96). While the record does not indicate the resolution of the possession of contraband charge, the Court notes that Plaintiff does not dispute that he was, in fact, in possession of contraband. Plaintiff asserts that Defendant Crawford charged him with these particular violations for improper retaliatory purposes.

The elements of a First Amendment retaliation claim are well known: (1) Plaintiff was engaged in constitutionally protected conduct, (2) Plaintiff suffered adverse action which would deter a person of "ordinary firmness" from continuing to engage in such protected conduct, and (3) there exists a causal connection between the protected conduct and the adverse action - in other words, the adverse action was motivated at least in part by Plaintiff's protected conduct. *See Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999)).

Defendant does not dispute that Plaintiff was engaged in protected conduct. As for the second element, the Court finds that there exist unresolved questions of fact. As the Sixth Circuit has

indicated, "in most cases, the question of whether an alleged retaliatory action poses a sufficient deterrent threat to be actionable will not be amenable to resolution as a matter of law." *Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002). As the *Bell* court further stated, "while certain threats or deprivations are so de minimis that they do not rise to the level of being constitutional violations, this threshold is intended to weed out *only inconsequential actions*." *Id.* at 603. Accordingly, "unless the claimed retaliatory action is truly 'inconsequential,' the plaintiff's claim should go to the jury." *Id.* The Court finds that charging a prisoner with a misconduct violation is neither an inconsequential nor de minimis action. Accordingly, the Court finds that there exist unresolved questions of fact regarding this particular element of the analysis.

However, even if Plaintiff can satisfy the first two elements of the analysis, his claim fails at the third step of the analysis. In examining the causation element, Plaintiff must establish that the adverse action taken against him was motivated by the protected conduct in which he engaged. In examining this element, Defendant's subjective motivation is at issue and while Plaintiff is not subject to a heightened pleading standard, his burden is not trivial.

As courts recognize, retaliation is "easy to allege" and "can seldom be demonstrated by direct evidence." *Huff v. Rutter*, 2006 WL 2039983 at *7 (W.D. Mich., July 19, 2006) (quoting *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987)). Nonetheless, "bare allegations of malice" are insufficient to state a constitutional claim, as Plaintiff must instead establish "that his protected conduct was a motivating factor" behind the allegedly retaliatory action taken. *Thaddeus-X*, 175 F.3d at 399 (citations omitted); *see also*, *Desmone v. Adams*, 1998 WL 702342 at *3 (6th Cir., Sep. 23, 1998) ("[a] claim of retaliation must include a chronology of events from which retaliation may plausibly be inferred").

Plaintiff asserts that Defendant Crawford charged him with misconduct violations in retaliation for pursuing legal action. There is no indication, however, that the litigation in question involved or concerned Defendant Crawford. There is likewise no evidence that Defendant Crawford issued the misconduct violations in question because of Plaintiff's protected conduct. Defendant Crawford asserts in an affidavit that he acted out of a belief that Plaintiff committed the violations in question. (Dkt. #96). This is supported by the evidence that Plaintiff was found guilty of the two major misconduct violations, as well as Plaintiff's failure to assert otherwise with respect to the possession of contraband charge. In response, Plaintiff merely reiterates his unsubstantiated conclusions. In sum, Plaintiff has failed to submit evidence from which retaliation can plausibly be inferred. The Court concludes, therefore, that Defendant Crawford is entitled to summary judgment as to this claim. *See Eby*, 481 F.3d at 441-42 (if Defendant demonstrates that he "would have taken the same action even without the protected activity," he is entitled to summary judgment).

**IV.		Conspiracy Claims**

Plaintiff alleges that Defendants Willis and Crawford conspired to violate his constitutional rights. Under federal law, it is improper for "two or more persons" to conspire "for the purpose of depriving, either directly or indirectly," an individual of his civil rights. 42 U.S.C. § 1985. Plaintiff's claim fails, however, because as discussed in the preceding sections, Plaintiff cannot establish that the alleged conspiracy or conspiracies deprived him of a right or privilege protected by the laws or Constitution of the United States. *See Sawyer v. Lexington-Fayette Urban County Government*, 2001 WL 1006237 at *2 (6th Cir., Aug. 21, 2001) (citing *Collyer v. Darling*, 98 F.3d 211, 233 (6th Cir.

1996)). The Court, therefore, recommends that Defendants Willis and Crawford are entitled to summary judgment as to Plaintiff's conspiracy claims.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that <u>Defendant Willis' and Crawford's Motion for Summary Judgment</u>, (dkt. #92), be **granted**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                          Respectfully submitted,

Date: March 25, 2010                                    /s/ <u>Ellen S. Carmody</u>
                                                                           ELLEN S. CARMODY
                                                                           United States Magistrate Judge