UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOHN J. SHULICK, <br>     Plaintiff, <br> <br> -v- <br> <br> MICHIGAN DEPARTMENT OF CORRECTIONS, et al., <br>     Defendants. | No. 1:08-cv-121 <br> <br> HONORABLE PAUL L. MALONEY |

## ORDER ADOPTING AND MODIFYING REPORT AND RECOMMENDATION

Before this Court is a motion for summary judgment (ECF No. 92) filed by Defendants Nicholas Crawford and Bridget Willis ("Defendants"). The magistrate judge reviewed the motion and response, and issued a report recommending the motion be granted. (ECF No. 121.) Plaintiff John Shulick ("Plaintiff") filed objections. (ECF No. 130.) The Court has reviewed the record, including the motion and brief, response, the report and recommendation, objections, attached exhibits, and relevant legal authority.

**STANDARD OF REVIEW**

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must

specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**ANALYSIS**

Plaintiff, a prisoner under the control of the MDOC, initiated this action by filing a petition for deposition and for disclosure of medical records, along with an application to proceed *in forma pauperis*. The petition was docketed as a complaint. He subsequently filed a complaint in the first week of April 2008 , which was docketed as an amended complaint. (ECF No. 6.) Plaintiff then filed an amended complaint. (ECF No. 56.)

The claims against Defendants are first included in the amended complaint. (ECF No. 56.) The claims arose when Plaintiff sought to file his complaint (ECF No. 6) during the first week of April, and later when the complaint was served. In the amended complaint, Plaintiff alleges Defendant Willis impeded his access to the court. (ECF No. 56 ¶ 54.) Plaintiff alleges Defendant Crawford retaliated against him for initiating the lawsuit. (*Id.* ¶ 55.) Plaintiff also alleges all Defendants participated in a conspiracy to deprive him of the equal protection of the law. (*Id.* ¶¶ 60-64.)

The magistrate judge concludes Plaintiff's claims against Defendants lack merit. Plaintiff objects.

The Court has carefully reviewed each of Plaintiff's objections. None of Plaintiff's objections have merit. Several are frivolous. Others have no bearing on the outcome of the motions. Each will be addressed below.

**Objection 1.** Plaintiff argues the magistrate judge erroneously states that he has amended his complaint twice. Plaintiff insists he has only amended his complaint once.

Plaintiff's objection is OVERRULED. Ultimately, whether Plaintiff amended his complaint once or twice has no bearing on the outcome of the motion. The point of the magistrate judge's statement was to show that Plaintiff has had ample opportunity, since he initiated this action, to consider and evaluate his causes of action and craft a well-pleaded complaint.

**Objection 2.** Plaintiff argues the magistrate judge has not applied the appropriate standards to Defendants' motion for summary judgment. Because he is a prisoner, Plaintiff asserts he has not been afforded the same opportunities to conduct discovery, which are an essential assumption of the standard cited by the magistrate judge.

Plaintiff's objection is OVERRULED. The same standards for summary judgment apply to prisoner and non-prisoner plaintiffs.

**Objection 3.** Plaintiff objects to the "reductionist" characterization of the allegations in his amended complaint.

Plaintiff's objection is OVERRULED. The question is whether the record, including the allegations in the verified complaint and the competing affidavits by Defendants, contain a genuine issue of material fact sufficient to deny Defendants' motion for summary judgment. Where Plaintiff addresses the specific evidence supporting his claims in other objections, the state of the record will be addressed in the discussion of those objections.

**Objection 4.**  Plaintiff argues the magistrate judge ignores his claim for retaliation against Defendant Willis.

Plaintiff's objection is OVERRULED. Plaintiff is correct that the report and recommendation does not explicitly address a retaliation claim against Defendant Willis.  However, the report and recommendation contains several points relevant to the retaliation claim against Defendant Willis.  First, the magistrate judge did not address Plaintiff's retaliation claim against Defendant Willis because the amended complaint does not allege a retaliation claim against Defendant Willis.  Paragraph 54 of the complaint alleges a conspiracy claim and a claim for access-to-the-court.  Paragraph 54 implies Defendant Willis filed a major misconduct claim against Plaintiff, the complaint does not indicate whether the misconduct was filed before or after the legal mail incident.  Furthermore, Plaintiff explains the significance of the misconduct claim in terms of an access-to-the-court injury.  In the amended complaint, Plaintiff does not allege any causation between the legal mail incident and the major misconduct issued by Defendant Willis.

Second, Plaintiff has not established that he exhausted his administrative grievances for his retaliation claim against Defendant Willis.  Defendants raised the failure to exhaust affirmative defense in their motion.  The magistrate judge concludes Plaintiff exhausted his remedies for his access-to-the-court claim against Defendant Willis.  Plaintiff, however, has not submitted any evidence establishing that he exhausted his retaliation claim against Defendant Willis.  Plaintiff would have had to grieve the filing of the misconduct under MDOC Policy Directive 03.02.130.  *See Reynolds-Bey v. Harris*, No. 09-1472, 2011 WL 1396786, at * 7 (6th Cir. Apr. 13, 2011) (distinguishing between grieving the filing of a meritless misconduct report, which must be exhausted, and grieving the outcome of a misconduct hearing, which is not allowed); *see also Lyle*

*v. Jackson*, 49 F. App'x 492, 494 (6th Cir. 2002) (holding the plaintiff prisoner failed to grieve the allegedly retaliatory filing of a misconduct charge).

Third, although Defendants speculated that Plaintiff might have a retaliation claim against Defendant Willis, and addressed the claim in their motion (ECF No. 93 PgID 1250), Plaintiff did not respond to that portion of Defendants' motion in his response. Plaintiff addresses his access-to-the-court claim against Defendant Willis (ECF No. 105 PgID 1351-52), but not any distinct retaliation claim. Read in context, in his discussion of the alleged retaliatory acts on pages 21-29 (PgID 1355-63) of his response, Plaintiff alleges Defendant Willis' retaliation was the scrutinizing of his legal mail, not the subsequent issuance of a major misconduct. Plaintiff does not explain his retaliation claim against Defendant Willis, or support that claim with any documentation, until his objection to the report and recommendation.

Fourth, the magistrate judge accurately outlines the legal elements of a retaliation claim in the discussion of Plaintiff's retaliation claim against Defendant Crawford. Plaintiff has not objected to those standards. Even taking into account Plaintiff's documentation attached to his objections, Plaintiff cannot establish any causation between his protected conduct and the major misconduct issued by Defendant Willis. Defendant Willis alleged Plaintiff was rude, degrading, and belittling (ECF No. 130-2 PgID 1518) to her while Plaintiff was attempting to mail legal materials on an expedited basis. Plaintiff was ultimately found not guilty of the major misconduct. (ECF No. 130-2 PgID 1519.) Other than the timing of protected conduct and the issuance of the grievance, Plaintiff cannot establish any connection between the two events. Defendant Willis has averred she initiated the misconduct charge because of Plaintiff's behavior, not because he was mailing legal papers. Plaintiff has no evidence otherwise contradicting Defendant Willis's affidavit. Plaintiff's verified

5

complaint does not furnish the required evidence; other than stating his own personal observations, Plaintiff identifies no evidence to establish Defendant Willis's motivation to file the misconduct charge.  *Cf. Thaddeus-X v. Blatter*, 175 F.3d 378, 299 (6th Cir. 1999) ("The plaintiffs in this case have done more than simply allege retaliation: in their verified complaint and in an additional affidavit, they have put together a number of specific, nonconclusory allegations and identified affirmative evidence that could support a jury verdict at trial.").

**Objection 5.**  Plaintiff argues he has stated a claim for access-to-the court.

Plaintiff's objection is OVERRULED.  Plaintiff commits two errors in reasoning.  First, the issue is not whether Plaintiff has stated a claim in his amended complaint, but whether Plaintiff has put forth sufficient evidence to create a genuine issue of material fact to avoid summary judgment.  Second, Plaintiff confuses the elements of a retaliation claim and the elements of an access-to-the court claim.  In order to establish an access-to-the-court claim, as outlined in the report and recommendation, Plaintiff must show a litigation-related injury or legal prejudice.  Because his legal mail was mailed, Plaintiff cannot show any litigation-related injury.

**Objection 6.**  Plaintiff objects to the magistrate judge's conclusion that he cannot establish the causation element of his retaliation claim against Defendant Crawford.  Plaintiff asserts the magistrate judge has ignored the allegations in his verified amended complaint.

Plaintiff's objection is OVERRULED.  Defendant Crawford filed an affidavit in which he claims the misconduct reports were issued solely because Plaintiff committed the charged disciplinary offenses.  In response, Plaintiff submits only his own allegations that Defendant Crawford issued the misconducts for impermissible, retaliatory reasons.  In light of Defendant Crawford's affidavit and the fact that Plaintiff was found guilty of those offenses, the chronology

of events and Plaintiff's suspicions, contained in his verified complaint, are insufficient to sustain his burden.

**Objection 7.** Plaintiff argues the factual determinations of the Michigan Department of Correction Hearing Officer are not binding on the federal judiciary for the purpose of undermining causation in a First Amendment retaliation claim.

Plaintiff's objections are OVERRULED. "The finding of guilt based upon some evidence of a violation of prison rules 'essentially checkmates [a] retaliation claim.'" *Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005); *see Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994) ("[W]e recently stated that 'if the discipline which the prisoner claims to have been retaliatory was in fact imposed for an actual violation of prisoner rules or regulations, then the prisoner's claim that the discipline was retaliatory in nature must fail.'" *quoting Goff v. Burton*, 7 F.3d 734, 738 (8th Cir. 1994)).

**Objection 8.** Plaintiff objects to the magistrate judge's conclusions and recommendations that his conspiracy claim lacks merit.

Plaintiff's objection is OVERRULED. Because this Court has concluded that Plaintiff's underlying claims lack merits, Defendants could not conspire to deprive Plaintiff of a right or privilege protected by the law.

**CONCLUSION**

Having carefully considered each of Plaintiff's objections, the Court ADOPTS the report and recommendation. The magistrate judge accurately identifies the material facts in the record, and appropriately summarizes the relevant law. The conclusions and recommendations in the report are well-reasoned and supported. The magistrate judge did not address Plaintiff's retaliation claim

7

against Defendant Willis because the complaint did not include such claim.  Even if Plaintiff could establish that he had exhausted that claim, the evidence in the record provides a sufficient basis for concluding that the retaliation claim against Defendant Willis lacks merit.

## ORDER

For the reasons provided in the accompanying opinion, **IT IS HEREBY ORDERED:**

1. The report and recommendation (ECF No. 121) is **ADOPTED**, over objections, as the opinion of this Court and **MODIFIED** to incorporate the discussion of what this Court has identified as Plaintiff's fourth objection.

2. Defendants' motion for summary judgment (ECF No. 92) is **GRANTED.** Plaintiff's claims against Defendants Crawford and Willis are **DISMISSED WITH PREJUDICE.**


Date:   July 6, 2011                                  /s/ Paul L. Maloney
                                                                   Paul L. Maloney
                                                                   Chief United States District Judge