UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOHN J. SHULICK, ) | |
| Plaintiff, ) | |
| ) | No. 1:08-cv-121 |
| -v- ) | |
| ) | HONORABLE PAUL L. MALONEY |
| MICHIGAN DEPARTMENT OF CORRECTIONS, ) | |
| et al., ) | |
| Defendants. ) | |
| _____) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before this Court are a motion to dismiss and a motion for summary judgment. Defendants Correctional Medical Services ("CMS"), Nelson, and LaNore (collectively "CMS Defendants") filed a motion to dismiss. (ECF No. 58.) Defendants Michigan Department of Corrections ("MDOC"), Ackerman, Acquino, Barber, Berghuis, Caruso, Griffin, Robinson, Stewart, Thompson, and Wegner (collectively "MDOC Defendants") filed a motion for summary judgment. (ECF No. 60.) The magistrate judge reviewed the motions and the responses and issued a report recommending the motions be granted. (ECF No. 103.) Plaintiff John Shulick ("Plaintiff") filed objections. (ECF No. 114.) CMS Defendants filed a response to Plaintiff's objections to their motion to dismiss. (ECF No. 116. The Court has reviewed the record, including the motions, supporting briefs, responses, relevant attachments, and legal authority.

**STANDARD OF REVIEW**

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806

F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**ANALYSIS**

Plaintiff, a prisoner under the control of the MDOC, initiated this action by filing a petition for deposition and for disclosure of medical records, along with an application to proceed *in forma pauperis*. The petition was docketed as a complaint. He subsequently filed a complaint, which was docketed as an amended complaint. (ECF No. 6.) Plaintiff then filed an amended complaint. (ECF No. 56.) Plaintiff's amended complaint is the basis for the motions filed by MDOC and CMS Defendants.

The following facts, alleged in the amended complaint and outlined in the report and recommendation, form the basis for Plaintiff's claims against the MDOC and CMS Defendants. Plaintiff injured his upper left leg while running in the prison yard. A few days later, on August 16, 2007, around 8:30 a.m., Plaintiff requested his unit officer contact prison health care because Plaintiff was experiencing excruciating pain. When the unit officer directed Plaintiff to complete a health care kite, Plaintiff limped to the prison's health care facility. He was instructed to return to his unit, but refused. A group of prison employees then restrained Plaintiff and placed him in a holding cell in the

2

health care facility. Once in the cell, Plaintiff was stripped of his clothes, except for shorts and socks. A large, discolored and swollen area on his upper left leg was visible. Plaintiff repeatedly asked for medical attention while in the holding cell. Later that day, Plaintiff was transported to an emergency room where he was diagnosed with a soft tissue injury to his upper left leg. An MRI examination conducted months later revealed a large blood clot.

Plaintiff asserts three claims. In claim one, Plaintiff asserts a violation of the Eighth Amendment for deliberate indifference to a serious medical condition. In claim two, Plaintiff asserts a conspiracy to violate the Eighth Amendment. In claim three, Plaintiff asserts certain Defendants are liable for failing to properly train their subordinates. The magistrate judge concludes the claims have no merit and recommends granting the two motions. Plaintiff objects.

The Court has carefully reviewed each of Plaintiff's objections. None of Plaintiff's objections have merit. Several are frivolous. Others have no bearing on the outcome of the motions. Each will be addressed below.

**Objection 1.** Plaintiff argues the magistrate judge failed to draw reasonable inferences from the facts in the record in his favor.

Plaintiff's objection is OVERRULED. Where Plaintiff asserts a genuine issue of material fact as one of his later objections, the state of the record will be addressed in the discussion of that objection. The magistrate judge properly outlined the standard for evaluating a motion for summary judgment.

**Objection 2.** Plaintiff argues the magistrate judge erroneously states that he has amended his complaint twice. Plaintiff insists he has only amended his complaint once.

Plaintiff's objection is OVERRULED. Ultimately, whether Plaintiff amended his complaint once or twice has no bearing on the outcome of the motion. The point of the magistrate judge's statement was to show that Plaintiff has had ample opportunity, since he initiated this action, to consider

3

and evaluate his causes of action and craft a well-pleaded complaint.

**Objection 3.**  Plaintiff argues the magistrate judge has not applied the appropriate standards to the MDOC Defendants' motion for summary judgment.  Because he is a prisoner, Plaintiff asserts he has not been afforded the same opportunities to conduct discovery, which are an essential assumption of the standard cited by the magistrate judge.

Plaintiff's objection is OVERRULED.  The same standards for summary judgment apply to prisoner and non-prisoner plaintiffs.

**Objection 4.**  Plaintiff argues the magistrate judge incorrectly concluded he has rested on mere allegations and has not put forth sufficient evidence to survive MDOC Defendants' motion for summary judgment.

Plaintiff's objection is OVERRULED.  Where Plaintiff addresses the specific evidence supporting his claims in other objections, the state of the record will be addressed in the discussion of those objections.

**Objection 5.**  Plaintiff argues the magistrate judge mistakenly characterizes his claim one as a claim for delay in treatment, rather than a denial in treatment.  Plaintiff asserts he makes a claim for a denial of treatment.

Plaintiff's objection is OVERRULED.  Notwithstanding Plaintiff's repeated use of the various forms of the word "deny," both the complaint and the exhibits establish clearly that Plaintiff received treatment for his injury, although hours after Plaintiff first requested treatment.  Because Plaintiff received treatment for his injury, he was not denied treatment; the treatment was merely delayed.  The magistrate judge correctly assessed the nature of Plaintiff's claim based on the record and accurately described the relevant standard for assessing a delay-in-treatment claim.

**Objection 6.**  Plaintiff argues the magistrate judge erred when stating that he failed to show that

4

prison officials had prior knowledge of his history of thrombocytosis. Plaintiff refers to page six of the report and recommendation.

Plaintiff's objection is OVERRULED. On pages five, six and the first-half of page seven of the report and recommendation, the magistrate judge summarizes the standard for evaluating Plaintiff's deliberate indifference claim. In the second half of page seven of the report, the magistrate judge outlines the medical records relevant to the treatment Plaintiff received for his leg. Although Plaintiff's medical records establish a history of thrombocytosis, Plaintiff has not alleged how that condition should have altered the treatment he received. Nor has Plaintiff put forth any medical evidence to support the missing allegation.

**Objections 7 and 8.** Plaintiff objects to the magistrate judge's selective recitation of his medical records. Plaintiff complains the magistrate judge selectively references excerpts, and omits others. Plaintiff then identifies what he claims are facts in the records that would create a genuine issue of material fact sufficient to deny the motion for summary judgment.

Plaintiff's objections are OVERRULED. The excerpts quoted by Plaintiff from the emergency room examination do not create a genuine issue of material fact. The excerpts establish that his injury was visible. Plaintiff's medical records also establish that he could move his leg, had sensory functions, and could walk. The magistrate judge referenced the treatment provided by the emergency room: medication and an ace bandage. The evidence allegedly ignored or omitted by the magistrate judge, when construed in the light most favorable to Plaintiff, does not establish a genuine issue of material fact for either the objective or subjective components of an Eighth Amendment claim for delay in treatment.

**Objection 9.** Plaintiff argues the magistrate judge erred in concluding that the need for treatment was obvious.

Plaintiff's objection is OVERRULED.  Whether the injury was obvious and whether the need for treatment was obvious are different questions.  The record clearly establishes that Plaintiff's injury was obvious.  That does not resolve the motion in favor of Plaintiff.  A visually disturbing injury, such as the one Plaintiff suffered, does not necessarily establish the need for immediate treatment of the injury.  The evaluation and treatment Plaintiff received only confirms that his injury did not present a serious risk to his health such that more immediate treatment should have been provided.  The fact that Plaintiff received treatment, including an MRI, only establishes that he was injured, not that more immediate treatment was required.

**Objection 10.**  Plaintiff objects to the magistrate judge's conclusion that he has offered no evidence to contradict the affidavit submitted by Defendant Griffin.  Plaintiff refers to his verified complaint as well as the exhibits he has submitted.

Plaintiff's objection is OVERRULED.  As explained in the objection above, Plaintiff's injury was not one that obviously required immediate medical treatment.  Plaintiff must therefore submit medical evidence demonstrating that the delay in treatment caused harm.  *See Cain v. Irvin*, 286 F.App'x 920, 925-27 (6th Cir. 2008).  To the extent that the allegations in Griffin's affidavit and Plaintiff's verified complaint may result in a factual dispute, the Court finds the disputes are not material.

**Objection 11.**  Plaintiff objects to the magistrate judge's conclusion that his conspiracy claim lacks merit.  The magistrate judge concludes Plaintiff's conspiracy claim lacks merit because Plaintiff has not established that his Eighth Amendment rights were violated.

Plaintiff's objection is OVERRULED.  The evidence does not establish that Defendants' conduct constituted a deliberate indifference to Plaintiff's serious medical needs.  Plaintiff's conspiracy allegations are that Defendants conspired to deny him treatment for this particular leg injury.  However,

6

this Court has determined that Plaintiff did not have a serious medical need requiring immediate treatment. Accordingly, Defendants could not conspire to deny immediate treatment, because none was required.

**Objection 12.** Plaintiff objects to the magistrate judge's conclusion that his failure to train claim lacks merit. Plaintiff insists that MDOC has a custom and practice of deliberate indifference to serious medical needs.

Plaintiff's objection is OVERRULED. First, Plaintiff's inability to establish that his Eighth Amendment rights were violated is fatal to his failure to train claim. *See May v. Franklin Cty Comm'rs*, 437 F.3d 579, 586 (6th Cir. 2006) (where authorities did not violate the appellant's constitutional rights, the authorities could not be held liable under § 1983 for failure to train). Second, Plaintiff has not put forth sufficient evidence to establish a custom or policy of deliberate indifference. To the extent that Plaintiff's exhibits show that other inmates have complained about the medical attention they have received, the differences between Plaintiff's circumstances and the circumstances of the other inmates are sufficiently large that no conclusions may be reached about a custom or policy.

**Objection 13.** Plaintiff objects to the magistrate judge's recommendation that CMS Defendants' motion to dismiss be granted.

Plaintiff's objection is OVERRULED. Initially, the magistrate judge appropriately rejected consideration of any of the exhibits. Generally, when ruling on a motion to dismiss, only the pleadings are considered. Therefore, Plaintiff's references to various exhibits are not proper. For the purpose of the motion to dismiss, only the allegations in the complaint are relevant. The magistrate judge accurately summarizes the allegations in the complaint. The blanket generalizations in the complaint do not state a claim against CMS Defendants upon which relief may be granted.

**CONCLUSION**

Having carefully considered each of Plaintiff's objections, the Court ADOPTS the report and recommendation. The magistrate judge accurately identifies the material facts in the record, and appropriately summarizes the relevant law. The conclusions and recommendations in the report are well-reasoned and supported.

## ORDER

For the reasons provided in the accompanying opinion, **IT IS HEREBY ORDERED:**

1. The report and recommendation (ECF No. 103) is **ADOPTED**, over objections, as the opinion of this Court.

2. CMS Defendants' motion to dismiss (ECF No. 58) is **GRANTED.** Plaintiff's claims against Defendants CMS, Nelson, and LaNore are **DISMISSED WITH PREJUDICE.**

3. MDOC Defendants' motion for summary judgment (ECF No. 60) is **GRANTED.** Plaintiff's claims against Defendants Michigan Department of Corrections, Ackerman, Acquino, Barber, Berghuis, Caruso, Griffin, Robinson, Stewart, Thompson, and Wegner are **DISMISSED WITH PREJUDICE.**

Date:  July 7, 2011                                       /s/ Paul L. Maloney
                                                          Paul L. Maloney
                                                          Chief United States District Judge