**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

Nos. 11-1978/2108

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

```
FILED
Feb 02, 2012
LEONARD GREEN, Clerk
```

| | | |
|---|---|---|
| JOHN JOSEPH SHULICK, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| MICHIGAN DEPARTMENT OF | ) | MICHIGAN |
| CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

O R D E R

Before: CLAY, GILMAN, and STRANCH, Circuit Judges.

John Joseph Shulick, a Michigan prisoner proceeding pro se, appeals the district court's judgment dismissing his complaint, filed under 42 U.S.C. § 1983. He has moved for the appointment of counsel. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, we unanimously agree that oral argument is not needed. Fed. R. App. P. 34(a).

Shulick filed a § 1983 complaint against the Michigan Department of Corrections (MDOC), Correctional Medical Services, Inc. (CMS), and numerous individuals associated with those entities. Shulick asserted several claims, including that the defendants were deliberately indifferent to his serious medical needs, that they conspired to violate his Eighth Amendment rights, and that he was retaliated against for engaging in protected conduct. Shulick sought monetary, declaratory, and injunctive relief. The magistrate judge recommended granting summary judgment to Defendants Willis and Crawford and, over Shulick's objections, the district court adopted the recommendation with certain modifications. The magistrate judge further recommended dismissing the complaint against CMS and Defendants Nelson and LaNore for failure to state a claim upon which relief could

be granted and granting summary judgment to the other identified defendants. Over Shulick's objections, the district court adopted the recommendation. Shulick appealed the district court's orders, and the appeal was docketed as Case No. 11-1978. The district court subsequently adopted the magistrate judge's recommendation to dismiss the complaint against the remaining unidentified defendants, and the court entered judgment in favor of the defendants. Shulick appealed that order and judgment, and the appeal was docketed as Case No. 11-2108. The cases have been consolidated.

On appeal, Shulick raises three issues: (1) the district court erred by granting summary judgment on his Eighth Amendment and conspiracy claims; (2) the court erred by concluding that he failed to state a claim against CMS, Nelson, and LaNore; and (3) the court erred by granting summary judgment to Defendants Willis and Crawford on his retaliation claims.

We review de novo a district court's decision to grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). We review de novo a district court's grant of summary judgment. *Franklin v. Kellogg Co.*, 619 F.3d 604, 610 (6th Cir. 2010). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Shulick first argues that the district court erred by granting summary judgment on his Eighth Amendment and conspiracy claims. "Section 1983 creates a civil action against any person who subjects any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 313 (6th Cir. 2005) (internal quotation marks omitted).

> To prevail on a § 1985(3) claim, one must prove (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the laws; (3) an act in

> furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Id.* at 314 (internal quotation marks omitted). "[T]he elements of an Eighth Amendment violation have both objective and subjective components." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010). "First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations and quotation marks omitted). "Second, the inmate must demonstrate that the official acted with deliberate indifference to inmate health or safety." *Mingus*, 591 F.3d at 480 (internal quotation marks omitted).

> [A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Id.* at 835.

Viewed in the light most favorable to Shulick, *see Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011), the evidence was insufficient to show that the defendants who viewed his injury were actually aware of a substantial risk of serious harm and that they disregarded the risk. Further, there was no evidence demonstrating that the defendants conspired to violate Shulick's civil rights. *See Ctr. for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 832 (6th Cir. 2007). The district court properly granted summary judgment on Shulick's Eighth Amendment and conspiracy claims.

Shulick next argues that the district court erred by concluding that he failed to state a claim against CMS, Nelson, and LaNore. Shulick's allegations against Nelson and LaNore were insufficient to state a claim for relief because they failed to demonstrate that Nelson or LaNore knew of and disregarded a substantial risk of serious harm. Shulick's allegations against CMS failed to state a claim because a defendant cannot be held liable under § 1983 on a respondeat superior or vicarious liability theory, *see Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996), and

Nos. 11-1978/2108
- 4 -

Shulick failed to allege facts demonstrating that he was injured by a specific policy or custom of CMS. *See id.* at 817; *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993).

Finally, Shulick argues that the district court erred by granting summary judgment to Defendants Willis and Crawford on his retaliation claims. A plaintiff asserting a claim of retaliation must show that he engaged in protected conduct, that an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct, and that the adverse action was motivated at least in part by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). Once the plaintiff has made a prima facie showing of retaliation, "the burden of production shifts to the defendant." *Id.* at 399. "If the defendant can show that he would have taken the same action in the absence of the protected activity, he is entitled to prevail on summary judgment." *Id.*

The district court properly granted summary judgment to Willis because the evidence demonstrated that she would have issued the misconduct report even in the absence of Shulick's protected activity. The only evidence suggesting retaliation was the timing of the misconduct report, which is insufficient on its own to establish the causation element of a retaliation claim. *See Adair v. Charter Cnty. of Wayne*, 452 F.3d 482, 490 (6th Cir. 2006). Likewise, the district court properly granted summary judgment to Crawford because the evidence demonstrated that he would have issued the misconduct reports even in the absence of Shulick's protected activity. *See Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994); *see also Jackson v. Madery*, 158 F. App'x 656, 662 (6th Cir. 2005).

Accordingly, we deny Shulick's motion to appoint counsel and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

ENTERED BY ORDER OF THE COURT

Clerk

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Leonard Green<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: February 02, 2012

Mr. Kevin R. Himebaugh
Office of the Michigan Attorney General
P.O. Box 30217
Lansing, MI 48909

Mr. Brian J. Richtarcik
Law Offices
645 Griswold Street
Suite 3466
Detroit, MI 48226

Mr. John Joseph Shulick
Alger Maximum Correctional Facility
N6141 Industrial Park Drive
Munising, MI 49862

Re: Case No. 11-1978/11-2108, *John Shulick v. Michigan Department of Correct, et al*
Originating Case No. : 08-00121

Dear Sir,

   The Court issued the enclosed Order today in this case.

                               Sincerely yours,

                               s/Louise Schwarber
                               Case Manager
                               Direct Dial No. 513-564-7015

cc:  Ms. Tracey Cordes

Enclosure

Mandate to issue